In re PLANKINTON BLDG. CO.

HARVEY et al. v. BREED et al., two cases.

PRITZKER v. HARVEY et al.

Nos. 9087, 9088.

Circuit Court of Appeals, Seventh Circuit.

Dec. 23, 1946.

Louis R. Potter, of Milwaukee, Wis., and Albert J. Harvey, in pro. per., for appellant.

Bernard V. Brady and Martin R. Paulsen, both of Milwaukee, Wis., and Colby Stilson and Edward J. Ross, both of New York City (Olwell & Brady, and Shaw, Muskat & Paulsen, all of Milwaukee, Wis., and Breed, Abbott & Morgan, of New York City, of counsel), for appellees.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

These are two more appeals in the very protracted litigation over the reorganization of the Plankinton Building Company. The proceedings were contested at every possible stage by the Harvey family, the stockholders of the corporation which owned the involved building but not the land on which it was erected. See 7 Cir., 148 F.2d 119. During this litigation the District Court found it necessary to issue an injunction against the Harveys and others to restrain them from in any way interfering with the consummation of the plan of reorganization of the debtor which had been duly approved. Also, as an indirect incident to those proceedings, in a suit for a bill of peace, to which the Plankinton Trust became a party, the court issued an injunction to protect the petitioners therefor from the suits and threats of suits to which they were being subjected by the Harveys and their agents. The judgment there, including the injunction, was based on the stipulation of all parties,

including the Harveys who agreed to waive all right to appeal therefrom.

Louis Potter, counsel for appellant in the case at bar, represented the Harveys during various stages of the proceedings, although he did not file appearance in this court in the last seven appeals to this court. 7 Cir., 148 F.2d 119.

After the affirmance by this court of the orders involved in the seven appeals, and denial of certiorari therefrom, Harvey, on his own behalf and in behalf of certain others, instituted the proceeding which indirectly gives rise to the present appeals by service on appellees and others of a notice of adverse examination and a subpoena to appear before the Circuit Court Commissioner in Milwaukee for such examination, and a summons to which was attached the affidavit of Potter as attorney for appellant. Upon receipt of these various instruments, some of the defendants therein named filed their petition in the District Court for a rule to show cause why the appellant should not cease and desist from the state court action contemplated by the papers theretofore served, and why the injunctional orders above referred to should not be applied against him to prevent any further prosecution of the contemplated action or any other interference with the jurisdiction of the District Court in the reorganization proceedings.

After hearing on the petition for a rule to show cause, the Court rendered its findings of fact and conclusions of law and entered its order declaring that the purpose of the action instituted in the state court contravened the terms and provisions of and the rights and status created by a consummated plan of reorganization in the Plankinton proceedings, and that the injunctional order above referred to barred the institution, maintenance or prosecution of the state court proceedings. The court entered a similar declaratory judgment with respect to the order which it had entered in the bill of peace proceedings.

Appellant contends that the declaratory judgments which were intended to prevent his maintenance of the actions contemplated in the state court, constitute an unlawful restraint of his rights under the Wisconsin statute (sec. 326.12, pertaining to discovery examination before trials). We find no merit whatever in any of his contentions. The District Court was thoroughly familiar with the history of the reorganization proceedings and appellant's activities in connection therewith, and could easily see, as this court can see, from the affidavit filed by Potter, that the contemplated action was of precisely the same kind as had long hindered the orderly processes in the reorganization proceedings and rendered those proceedings unnecessarily difficult and expensive. We find no error in its action to block further vexatious litigation arising out of the proceedings.

Judgments affirmed.